# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:12-cv-00092-MR
## [Criminal Case No. 1:05-cr-00223-MR-1]

| | |
|---|---|
| JOHN C. BAKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion attacking his criminal sentence, which the Court construes as a Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1], and Petitioner's Motion to Appoint Counsel [Doc. 2]. For the reasons that follow, Petitioner's motion to vacate will be dismissed.

**I.     BACKGROUND**

On July 14, 2006, Petitioner was convicted following his entry of pleas of guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count One), and one count of possession of a firearm during and in relation to a crime of

violence or drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Three). In return for his agreement to plead guilty to Counts One and Three, the Government, pursuant to the terms of his written plea agreement, moved to dismiss Count Two, possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). Petitioner was sentenced to 92 months' imprisonment on Count One, and a consecutive term of 60 months' imprisonment on Count Three. [1:05cr223, Doc. 27: Judgment in a Criminal Case at 1-2]. Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit; Petitioner's criminal judgment was affirmed in all respects. United States v. Baker, 220 F. App'x 186 (4th Cir. 2007) (unpublished). [Id., Doc. 38]. It does not appear from the record that Petitioner filed a petition for a writ of certiorari with the Supreme Court of the United States.

On October 23, 2007, Petitioner filed a Section 2255 motion challenging his criminal judgment raising grounds of ineffective assistance of counsel. [1:07cv339, Doc. 1]. On November 20, 2007, the Court entered an Order denying and dismissing Petitioner's Section 2255 motion after finding that his arguments were without merit. [Id., Doc. 4]. Petitioner did not file a direct appeal from that Order.

2

On April 30, 2012, Petitioner filed the present motion contending that he is entitled to pursue relief from his sentence pursuant to the All Writs Act, 28 U.S.C. § 1651. Petitioner contends that that he is entitled to relief based on the Supreme Court's opinion in <u>Carachuri-Rosendo v. Holder</u>, 130 S. Ct. 2577 (2010), and the Fourth Circuit's opinion in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (*en banc*). Petitioner contends that in the wake of <u>Carachuri-Rosendo</u> and <u>Simmons</u> his prior North Carolina convictions are no longer properly considered predicate convictions for the purpose of charging him with possession of a firearm by a felon. 18 U.S.C. § 922(g).

As noted, even though Petitioner was indeed indicted for a Section 922(g) offense, it did not serve as a count of conviction in his judgment. He agreed to plead guilty to Counts One and Three in his Indictment in return for the Government's agreement to dismiss the 922(g) Count (Count Two). Nevertheless, Petitioner maintains that although he qualified as a felon in possession under then-controlling law[1], he asserts that the Government used the pending § 922(g) charge as leverage to successfully negotiate his plea agreement. Petitioner moves the Court to vacate his sentence and resentence him under current circuit precedent. [1:12cv92, Doc. 1 at 2-4].

---

[1] The <u>Simmons</u> *en banc* decision expressly overruled the controlling law as set forth in <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As Petitioner is attacking his sentence, his motion must be construed as one for relief pursuant to Section 2255. See Carlisle v. United States, 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) ("The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by the statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."); Carbo v. United States, 364 U.S. 612, 614, 81 S.Ct. 338, 5 L.Ed.2d 329 (1961) ("[F]or the meaning of the term habeas corpus, resort may unquestionably be had to the common law; but the power to award the

writ by any of the courts of the United States, must be given by written law.").

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as codified in 28 U.S.C. § 2255 et seq., provides that a "prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." § 2255(a). The AEDPA, however, provides a specific limitation on a prisoner's ability to bring a second, or successive motion under § 2255.

The AEDPA provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion;

therefore this Court is without jurisdiction to consider the merits of the present Section 2255 motion and it will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Appoint Counsel [Doc. 2] is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's Motion [Doc. 1] is **DISMISSED** as a successive § 2255 Petition.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: January 15, 2013

Martin Reidinger
United States District Judge